[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13218
Non-Argument Calendar
_____

D.C. Docket No. 0:98-cr-06155-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG FRAZIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 28, 2020)

Before WILSON, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

This is a First Step Act case.  In 1999, Craig Frazier pled guilty to one count

of conspiracy to distribute a detectable amount of crack cocaine, in violation of 21

U.S.C. §§ 841(a)(1) and 846. He stipulated in his plea agreement that he was responsible for more than 1.5 kilograms of cocaine base. The district court sentenced him to 360 months' imprisonment—the low end of his guideline range—and five years of supervised release. Twenty years later, Frazier moved to reduce his sentence under the First Step Act of 2018. The district court denied his motion. Though the court held that Frazier qualified for a reduction, it declined to exercise its discretion to reduce his sentence after considering the sentencing factors listed in 18 U.S.C. § 3553(a). This is Frazier's appeal.

The parties agree that Frazier is eligible for a reduction under the framework described in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020). The only question is whether the district court abused its discretion in denying a reduction.[1] We hold that it did not.

A district court has wide discretion to grant or deny a motion to reduce a sentence under the First Step Act. *See id.* at 1304. In making its decision, the court may consider the 18 U.S.C. § 3553(a) factors. *See id.* at 1304. Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The court

---

[1] Frazier also claims that the court committed legal error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by failing to reconsider the drug-quantity stipulation in his plea agreement. We rejected this argument in *United States v. Jones*, 962 F.3d 1290, 1302 (11th Cir. 2020). Frazier cannot use *Apprendi* "to redefine his offense for purposes of a First Step Act motion." *Id.*

2

should consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant. *See id.* § 3553(a)(1). It should also consider whether the sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," "provide[s] just punishment for the offense," "afford[s] adequate deterrence," and "protect[s] the public from further crimes." *Id.* § 3553(a)(2). The weight given to any § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

The district court here considered the § 3553(a) factors, noting that Frazier was a career offender with a prior attempted murder conviction, a major narcotic distributor, the head of a drug-trafficking organization, and had murdered a fifteen-year-old boy. Given these circumstances, the court fairly concluded that Frazier's current sentence was sufficient, but not greater than necessary, "to reflect the seriousness of the instant offense, promote respect for the rule of law, afford adequate deterrence, and protect the public from further crimes." *See* Doc. 510 at 3; *see also* 18 U.S.C § 3553(a); *Croteau*, 819 F.3d at 1309.

**AFFIRMED.**

3